IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VOCALIFE LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INC.,<br><br>*Defendant*. | Case No. 2:21-cv-00123-JRG<br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |
| VOCALIFE LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | Case No. 2:21-cv-00124-JRG<br>(MEMBER CASE)<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S MOTION TO STAY PENDING RESOLUTION OF
MOTION TO TRANSFER OR DISMISS**

I.      **INTRODUCTION**

Defendant Google LLC moves for a stay of all proceedings in this action to permit the Court to resolve Defendant's motion to dismiss or transfer this case to the Northern District of California.  Dkt. 24 ("transfer motion").  The transfer motion, which was filed on June 18, 2021, has been fully briefed since August 5, 2021.  Defendant filed a motion for a hearing on the transfer motion on August 17, 2021, which Plaintiff did not oppose.  Dkt. 52.  That motion also remains pending.

The Fifth Circuit and the Federal Circuit require courts to give "top priority" to transfer motions, and to resolve such motions before addressing the merits of the litigation.  *See In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the … District Court."); *In re Apple*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority.").  Google seeks this stay as an appropriate means for the application of the "top priority" required by the Fifth Circuit and Federal Circuit.

This Court considers three factors in deciding whether to stay a case: "whether discovery is complete and whether a trial date has been set," "whether a stay will simplify the issues in question and trial of the case," and "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, 2017 WL 365398, at *10 (E.D. Tex. Jan. 25, 2017) (citing *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006)).  Given this litigation's early stage, the potential to obviate duplicative discovery in the transferee forum, and the lack of prejudice to Plaintiff, a brief stay is appropriate.

## II. ARGUMENT

### A. The Early Stage of the Litigation Weighs in Favor of a Stay.

A stay is appropriate when "there remains a significant amount of work ahead for the parties and the court," although "[a] case need not be in its infancy to warrant a stay." *Norman IP Holdings*, *LLC v. TP-Link Techs., Co.*, No. 6:13-CV-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014). This case remains at its earliest stage. The Court held a scheduling conference on July 15, 2021, and the parties filed proposed docket control and discovery orders on July 29. *Cf. Secure Axcess, LLC* v. *Nintendo of Am. Inc.*, No. 2:13-CV-32-JRG, Dkt. 133 at 1 (E.D. Tex. Feb. 10, 2014) (attached as Exhibit A) (finding in a case where claim construction briefing had just begun that "a short stay pending resolution of the severance and transfer issues" likely would simplify issues in the case). Stay relief is particularly appropriate at this stage, where the parties have not yet incurred the significant burdens associated with extensive discovery, claim construction, and trial preparation. See *Norman*, 2014 WL 5035718, at *3.

Under Fifth Circuit law, a motion to transfer must take "top priority" in a district court's handling of a case. *In re Horseshoe*, 337 F.3d at 433. Applying that rule, the Federal Circuit has held that a motion to transfer should be addressed before proceeding to "any substantive portion of the case." *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) ("[A] trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case."); *see also In re SK hynix Inc.*, 835 F. App'x 600, 601 (Fed. Cir. 2021) (granting mandamus petition in part and ordering a stay of proceedings where the district court "required the parties to proceed ahead with the merits" while a transfer motion "lingered unnecessarily on the docket"); *In re TracFone Wireless, Inc.*, No. 2021-118, 2021 WL 865353, at *2 (Fed. Cir. Mar. 8, 2021) (granting mandamus and ordering a district court to stay all proceedings and rule on defendant's transfer motion within 30 days, where district court allowed

2

case to proceed to a *Markman* hearing despite a pending transfer motion).  While this case is now at an early stage, key deadlines are approaching.  Google's invalidity contentions and technical document production are due in less than two weeks.  Further, under the court's scheduling order, the parties will exchange proposed terms for construction on September 24, 2021, and Plaintiff's opening claim construction brief is due on December 3, 2021.  Staying the case before these deadlines arrive, and before the parties begin litigating substantive issues, will ensure that the venue dispute takes top priority, as required by Fifth Circuit and Federal Circuit precedents.

**B.      A Stay Will Simplify and Streamline the Issues for Consideration.**

A stay also will simplify the issues before this Court.  There is nothing left for this Court to decide should it determine that this case must be transferred to the Northern District of California or dismissed for improper venue.  And there is little to be gained by allowing the case to proceed while the transfer motion remains pending.  Because transfer is assessed based on the facts at the time of filing, any familiarity that this Court acquires with the underlying litigation due to the progress of the complaint is irrelevant to the transfer analysis.  *See In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *2 (Fed. Cir. July 16, 2016).  Staying the case will streamline the issues for consideration by ensuring that threshold issues are determined first.

Without a stay, the parties will engage in litigation that may prove unnecessary or duplicative.  For example, as discussed above, deadlines relevant to claim construction are approaching.  But any claim construction order issued prior to transfer is unlikely to bind the Northern District of California, and would be subject to revision in that District.  *See, e.g.*, *Rambus Inc. v. Hynix Semiconductor Inc.*, 569 F. Supp. 2d 946, 968 (N.D. Cal. 2008) (declining to give preclusive effect to claim construction order absent a final judgment); *Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) (acknowledging that district

3

courts may engage in "rolling" claim construction and "revisit[ ] and alter[ ] its interpretation" of the patentee's claims throughout the litigation).

### C. A Stay Will Not Prejudice or Disadvantage Plaintiff.

Finally, a stay will not prejudice or impose any tactical disadvantage on Plaintiff. The parties have not yet devoted substantial resources to the litigation. Defendant's proposed stay is limited to the time necessary to resolve the pending transfer motion, which has been fully briefed for more than three months. Any stay likely will be brief. Proceeding to the merits while Defendant's motion remains pending benefits neither party. A short stay will benefit Plaintiff as much as Defendant by eliminating the need to spend time and resources litigating substantive issues prior to the Court's decision as to whether and where the litigation should proceed.

Moreover, a stay will not impair Plaintiff's ability to secure effective relief in this case should it ultimately prevail. Plaintiff primarily seeks money damages for the alleged infringement, and none of the patents are set to expire anytime soon. A stay pending resolution of Defendant's transfer motion "will not diminish the monetary damages to which [Plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages[.]" *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Under these circumstances, Plaintiff's interest in avoiding delay in the vindication of its patent rights—an interest "present in every case in which a patentee resists a stay"—cannot alone defeat this stay motion. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

Because all relevant factors favor relief, Defendant requests a short stay pending resolution of its motion to dismiss or transfer.

Dated: September 3, 2021

Respectfully submitted,

<u>/s/ Zachary M. Briers with permission,<br>by Michael E. Jones</u><br>
Michael E. Jones<br>
Texas Bar No. 10929400<br>
POTTER MINTON, PC<br>
110 North College, Suite 500<br>
Tyler, TX 75702<br>
Telephone: (903) 597-8311<br>
Facsimile: (903) 993-0846<br>
mikejones@potterminton.com

OF COUNSEL:

Zachary M. Briers (*pro hac vice*)<br>
Heather E. Takahashi (*pro hac vice*)<br>
Ashley Aull (*pro hac vice*)<br>
Mica L. Moore (*pro hac vice*)<br>
MUNGER, TOLLES & OLSON LLP<br>
350 South Grand Avenue, Fiftieth Floor<br>
Los Angeles, California 90071-3426<br>
Telephone: (213) 683-9100<br>
Facsimile: (213) 687-3702<br>
zachary.briers@mto.com<br>
heather.takahashi@mto.com<br>
ashley.aull@mto.com<br>
mica.moore@mto.com

**ATTORNEYS FOR DEFENDANT GOOGLE LLC**

## CERTIFICATE OF CONFERENCE

On August 26, 2021, pursuant to Local Rule CV-7(h), counsel for Defendant met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated that Plaintiff is opposed to the relief sought by this Motion.

Dated: September 3, 2021

By: _/s/  Mica L. Moore_
Mica L. Moore