**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VOCALIFE LLC, | § § § | Case No. 2:21-cv-00123-JRG |
| Plaintiff, | § § | **(LEAD CASE)** |
| | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| HARMAN INTERNATIONAL INDUSTRIES INC., | § § § | |
| Defendant. | § § § | |
| | § | |
| VOCALIFE LLC, | § § | Case No. 2:21-cv-00124-JRG-RSP |
| Plaintiff, | § § | **(MEMBER CASE)** |
| | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| GOOGLE LLC, | § § | |
| Defendant. | § § § | |
| | § | |

## PROTECTIVE ORDER

**WHEREAS**, Plaintiff Vocalife LLC ("Vocalife" or "Plaintiff") and Defendant Google

LLC ("Defendant"), hereafter referred to as "the Parties," believe that certain information that is

or will be encompassed by discovery demands by the Parties involves the production or disclosure

of trade secrets, confidential business information, or other proprietary information.

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with

Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.       Each Party may designate as confidential for protection under this Order, in whole or in

         part, any document, information or material that constitutes or includes, in whole or in part,

confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "RESTRICTED—ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE." The word "CONFIDENTIAL" or "RESTRICTED—ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" or "RESTRICTED—ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "RESTRICTED—ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE."  For natively produced Protected Material, the appropriate legend shall be placed in the filename of each such natively produced document.

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS'

EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 14 herein:

(a)      outside counsel of record in this Action[2] for the Parties;

(b)      employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)      up to one in-house counsel for the Parties who is a member in good standing of at least one state bar and has responsibility for making decisions dealing directly with the litigation of this Action;

(d)      [intentionally left blank];

(e)      outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action[4]; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that

---

[2] This "Action" means Case No. 2:21-cv-00124-JRG.

[3] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) (by name and number of the case, filing date, and location of court) any litigation in connection with which s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

[4] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

6.   A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.   Documents, information, or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, and the knowledge of the existence of such Protected Material (i) shall be used only for prosecuting, defending, or attempting to settle this Action, (ii) shall not be used for any business purpose, in connection with any other legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), or directly or indirectly for any other purpose whatsoever and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person

or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.  To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED—ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes or substantially relates to computer source code[5] and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.  For Protected Material designated "RESTRICTED—ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g) unless the producing Party provides prior written permission.

---

[5]  "Source code" means computer code including source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, file names, and file paths.

10. For Protected Material designated "RESTRICTED CONFIDENTIAL SOURCE CODE,"

the following additional restrictions apply:

  a. Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secured locked room.  The producing Party shall also make available a separate stand-alone computer(s), which persons reviewing the source code can use to take notes.  The stand-alone computer(s) may only be located within the continental United States at the offices of the producing Party's outside counsel.  The stand-alone computer(s) shall have disk encryption and be password protected. Use or possession of any input/output device (*e.g.,* USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer(s) must agree to leave all restricted input/output devices in a designated location outside of the locked room before they will be given access to the stand-alone computer(s).  The producing Party may visually monitor the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. The producing Party may not record (visually, audibly or by other means) the activities of the receiving Party's representatives.  At the end of each day, the persons reviewing the source code may encrypt the notes they took on the stand-alone computer and save those notes to an encrypted USB device, provided that the producing Party may have a neutral party ("Notes Examiner"), who has no involvement in the litigation, review the notes before they are encrypted solely to confirm the notes do not include prohibited replications of source code (other than directory paths, file paths, names, and line numbers).  The Notes Examiner may not have any other involvement with this matter or any parallel proceedings such as *inter partes* review or post-grant proceedings, and may examine Source Code Notes solely for the purpose of determining compliance with this protective order. The Notes Examiner may not discuss any aspect of the notes with the Producing Party, or any affiliate or representative of the Producing Party, save to disclose the Notes Examiner's belief that a violation of the protective order has occurred and the basis for that belief. To the extent the Producing Party claims a violation of the protective order arising from the Notes Examiner's review of notes, the Producing Party shall not have an automatic right to  production or receipt of the notes, but may request in camera inspection of the notes by the Court for a determination of whether a protective order violation has

occurred and for appropriate relief, in the Court's discretion;

b.  The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

c.  The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

d.  The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above and the receiving Party may request that commercially available licensed software tools for viewing and searching of Source Code Material be installed on the stand-alone computer for purposes of the review. The receiving Party must provide the producing Party with the CD, or DVD or website link(s) containing the requested software tool(s) to be installed on the stand-alone computer.  Not later than five (5) business days after the receiving Party provides to the producing Party the CD, DVD, or website link(s) for the requested software tools, the producing Party shall install and make the below software tools available for use on the stand-alone computer provided that the requested search software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a Source Code Review computer(s), does not prevent or impede the receiving Party's access to the Source Code Material produced for inspection on Source Code Review computer(s) and does not side-step any of the security features enabled on a Source Code Review computer(s). The receiving Party shall not erase, load, install, compile, or otherwise modify any program (or request that any other program be erased, loaded, installed, or otherwise modified by the producing Party) on the Source Code Review computer(s) without first submitting a written request and obtaining the producing Party's agreement to the request;

e.  Access  to Source Code Material shall be limited to outside counsel and up

to three (3) outside consultants or experts[6] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include a reasonable amount of excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

f.  To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served electronically ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

g.  Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.[7] The receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders.

h.  The receiving Party shall be permitted to have printed by the producing Party a reasonable number of printouts of Source Code Material ("Source

---

[6] For the purposes of this paragraph, an outside consultant or expert does not include the outside consultant's or expert's direct reports and other support personnel.

[7] For the avoidance of doubt, this does not prohibit the parties from using the names of folders or files containing Source Code.

Code Printouts") and up to three (3) extra photocopy sets of the printed Source Code Material, reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In considering what is reasonable, the receiving Party shall not, in general, ask for more than 650 total pages or 25 continuous pages from each Defendant – with a page being one that has at least 35 lines of source code – of Source Code Material to be printed from each producing Party. After the receiving Party has asked that more than 650 total pages of Source Code Material be printed, the Parties shall meet and confer regarding the printing of additional pages, if any, in view of the needs of the case and the amount of Source Code Material that has been made available.  If the producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing Party shall make such objections known to the receiving Party within five (5) business days of receipt of a request for additional printouts. If after meeting and conferring, the Parties cannot resolve the objection, either Party may seek an order from the Court. Contested source code printouts need not be produced to the requesting Party until the matter is resolved by the Court. The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (a) in the first instance. Within 5 business days or such additional time as necessary due to the volume requested, the producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL SOURCE CODE" unless objected to as discussed above;

i.   If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition, provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order;

j.   A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above on paper via hand carry.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported

electronically as is reasonably necessary for filing any Source Code Material with the Court or serving such Source Code Material on another Party;

k.  The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code, either on paper or on the stand-alone computer designated for note taking purposes, but may not copy any portion of the source code into the notes, with the exception of directory paths, file paths, names, and line numbers.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE."  The log of such notes need not be produced to any other party absent Court Order (e.g. potentially in connection with a Protective Order violation motion).

l.  A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection.  Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

m.  The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives a copy of any portion of the source code; and

n.  All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source

Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

11. If a Receiving Party or a person authorized to access DESIGNATED MATERIAL ("Authorized Recipient") discovers any loss of DESIGNATED MATERIAL or a breach of security, including any actual or suspected unauthorized access, relating to another party's DESIGNATED MATERIAL, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach, (2) promptly (within 72 hours) provide written notice to Designated Party of such breach, including information regarding the size and scope of the breach, and (3) investigate and make reasonable efforts to remediate the effects of the breach.  In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

12. Absent written consent from the designating Party, any person associated or affiliated with Vocalife and permitted to receive said Party's Protected Material that is designated RESTRICTED—ATTORNEYS' EYES ONLY" material and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" (collectively, "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, said Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to (a) audio processing, speech recognition, or beamforming technology or (b) the patents asserted in this Action and any patent or application claiming priority to or otherwise related to the patents asserted in this Action (collectively the "Field of Invention") during the pendency of this Action and for two years after its conclusion, including any appeals, except with respect to the acquisition, licensing, or any other

transaction involving the patents-in-suit and/or al patents and patent applications related thereto.  The prohibitions in this Paragraph are not intended to and shall not preclude counsel who obtains, receives, or otherwise learns of, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL of a technical nature from participating directly or indirectly in reexamination, inter partes review, post grant review, interference proceedings, or covered business method review proceedings, provided that any attorney who obtains, receives or otherwise learns, in whole or in part, of the other party's HIGHLY SENSITIVE MATERIAL of a technical nature may not advise, consult, or participate in the drafting of amended or substitute claims in the proceeding.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the Field of Invention.

13. [Omitted].

14. Disclosure of Protected Material shall be subject to all applicable laws and regulations

relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each party receiving Protected Material shall comply with all applicable export control statutes and regulations.  *See, e.g.,* 15 C.F.R. § 734.2(b).  No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)).  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Material, exclusive of material designated RESTRICTED CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

15. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  Pursuant to Federal Rule of Evidence 502(d) and (e), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is produced, such production shall in no way prejudice or otherwise constitute a waiver of,

or estoppel as to, any such privilege, doctrine, or immunity. Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by notifying the recipient(s) and providing a privilege log for the produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

16. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

17. Export Control.  Disclosure of "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be subject to all applicable laws and regulations relating to the export of technical data contained in any "RESTRICTED CONFIDENTIAL SOURCE CODE," including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The producing Party shall be responsible for identifying any such controlled technical data, and the receiving Party shall take measures necessary to ensure compliance.

18. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with

the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 and 10 of this Order); (v) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vi) court reporters and videographers; (vii) the Court; or (viii) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.[8]  Subject to any challenge to a particular designation under paragraph 20, the Parties will not oppose any reasonable request by the designating Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

19. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with

---

[8] In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Exhibit A.  In the event such attorney declines to sign the Undertaking prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED - ATTORNEYS' EYES ONLY".

20. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court. At any point, a Party may seek to designate and protect previously produced Protected Material as Highly Sensitive Documents/Information (HSD/HSI). The Parties will follow any applicable court orders regarding the procedures for HSD/HSI.

21. The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.  Subject to any challenges under Section 20, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

22. A Party may request in writing to the other Party that the designation given to any

DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

23. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

24. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

25. To the extent that discovery or testimony is taken of Third Parties, the Third Parties or any Party may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties and any Party shall have ten (10) days after

production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED -- ATTORNEYS' EYES ONLY" in accordance with this Order. Where a Third Party designates any documents, information or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party. Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

26. If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

   (a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

   (b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena

or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

27. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

28. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

29. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing

Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

30. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

31. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

32. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.


33. Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or

communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material. If Protected Material is to be used during a deposition, the Designating Party shall be permitted to specify the technology to be used to conduct the deposition with respect to that Protected Material (e.g., for audio/video-conferencing and exhibits).

34. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**So ORDERED and SIGNED this 10th day of September, 2021.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VOCALIFE LLC, | § | Case No. 2:21-cv-00123-JRG |
| | § | **(LEAD CASE)** |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| HARMAN INTERNATIONAL | § | |
| INDUSTRIES INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

| | | |
|---|---|---|
| VOCALIFE LLC, | § | Case No. 2:21-cv-00124-JRG-RSP |
| | § | **(MEMBER CASE)** |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

      My current employer is _____.

      My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

      understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

      will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes of this action any information designated as "CONFIDENTIAL,"
"RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL
SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things
designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY,"
or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,
and all documents and things that I have prepared relating thereto, to the outside counsel
for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the
Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

2