IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VOCALIFE LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   CIVIL ACTION NO. 2:21-CV-00123-JRG |
| | § |
| HARMAN INTERNATIONAL | § |
| INDUSTRIES INC., GOOGLE LLC | § |
| | § |
| Defendant. | § |

# ORDER

Before the Court is Defendant Google LLC's ("Google") Motion to Stay Pending Resolution of Motion to Transfer or Dismiss (the "Motion to Stay"). (Dkt. No. 56). Having considered the Motion to Stay and the parties' briefing, the Court finds that it should be **GRANTED-AS-MODIFIED**.

Plaintiff Vocalife LLC ("Vocalife") filed suit against Google on April 2, 2021 alleging infringement of two United States Patents relating to microphone array technology. (Dkt. No. 1, Case No. 2:21-cv-00123-JRG).[1] On June 11, 2021, Google filed its Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer (the "Motion to Dismiss"). (Dkt. No. 21, Case No. 2:21-cv-00124). Briefing was completed for the Motion to Dismiss on August 5, 2021. (Dkt. No. 44). On August 17, 2021, Google filed its unopposed Motion for Hearing on its Motion to Dismiss. (Dkt. No. 52). Google then filed the Motion to Stay on September 3, 2021. (Dkt. No. 56). Briefing was completed for the Motion to Stay on October 1, 2021. (Dkt. No. 67).

---

[1] Case No. 2:21-cv-00124 was subsequently consolidated with the above-captioned matter with the above case being designated as the lead case. (Dkt. No. 20).

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts generally consider the following factors when considering a motion to stay: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006) (citation omitted). While these factors are "helpful in determining whether to order a stay, ultimately the Court must decide stay requests on a case-by-case basis." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-CV-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) (citation omitted).

After careful consideration of the parties' arguments and the related briefing, the Court is persuaded that this case would benefit from a short and targeted stay to further address issues relating to Google's Motion to Dismiss. A stay will not unduly prejudice or present a clear tactical disadvantage to the nonmoving party because Vocalife has repeatedly asserted that venue discovery is warranted. (Dkt. No. 28 at 22–23; Dkt. No. 44 at 6). Further, in its Sur-Reply, Vocalife argues that it has received no responses to its "venue-related" discovery requests from Google and expresses its concern that "Google intends to use the requested stay to avoid producing discovery relevant to venue." (Dkt. No. 67 at 1). A stay at this juncture will allow Vocalife to pursue

discovery related to venue before other issues, such as the Markman hearing, are considered by this Court.[2] The Court further finds that the posture of this case does not preclude a stay.[3]

The Court has discretion to allow targeted venue discovery. *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013) ("A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse."). In all cases, discovery decisions "must . . . adhere to the liberal spirit of the Rules" of Civil Procedure. *U.S., ex rel., Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 469 (5th Cir. 2015), *aff'd sub nom. State Farm Fire & Cas. Co. v. U.S. ex rel. Rigsby*, 137 S. Ct. 436 (2016) (citing Fed. R. Civ. P. 26(b)(1)). The Court's discretion—and the liberal thrust of the Rules of Civil Procedure—extends to venue discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.").

Vocalife's assertions of venue rely heavily on this Court's previous ruling in *Personalized Media Communications, LLC v. Google LLC*. (No. 2:19-cv-00090, Dkt. No. 291 (E.D. Tex. July 16, 2020). However, the Court notes that Vocalife does not dispute Google's assertion that the statement of work underlying much of the Court's analysis was terminated more than two months before this suit was filed. (Dkt. No. 21 at 9–10; *see also* Dkt. No. 21-21). In light of Vocalife's assertions that Google has not provided sufficient information regarding its contacts with this District (*see* Dkt. No. 28 at 22–23), the Court is of the opinion that Vocalife should be permitted to take narrowly tailored discovery to facilitate a fair and full adjudication of the parties' venue disputes, and a targeted stay related thereto is appropriate. It is therefore **ORDERED** that Vocalife

---

[2] Now scheduled for January 14, 2022.
[3] The parties have yet to submit opening claim construction briefs and the date set for the Markman hearing is still two months away.

may serve on Google five interrogatories, five requests for production, and a Rule 30(b)(6) deposition notice limited to issues raised in Google's Motion to Dismiss (Case No. 2:21-cv-00124, Dkt. No. 21) and the related briefing. The parties shall notify the Court of the results of such targeted discovery. Such discovery shall be completed no later than 60 days from the date of this Order. Further, it is **ORDERED** that all deadlines in the above-captioned matter unrelated to the Motion to Dismiss are **STAYED** pending further order of the Court. Upon lifting such stay, the Court shall enter a revised Docket Control Order to reset and adjust the remaining timeline in this case.

**So ORDERED and SIGNED this 19th day of November, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE