# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VOCALIFE LLC, | § § | Case No. 2:21-cv-00123-JRG |
| Plaintiff, | § § | (LEAD CASE) |
| v. | § § | **JURY TRIAL DEMANDED** |
| HARMAN INTERNATIONAL INDUSTRIES INC., | § § § § | ▮▮▮▮▮▮▮▮▮▮ |
| Defendant. | § § § | |

| | | |
|---|---|---|
| VOCALIFE LLC, | § § | Case No. 2:21-cv-00124-JRG |
| Plaintiff, | § § | (MEMBER CASE) |
| v. | § § | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | § § § | ▮▮▮▮▮▮▮▮▮▮ |
| Defendant. | § § § | |

**JOINT STATUS REPORT REGARDING VENUE DISCOVERY**

Plaintiff Vocalife LLC ("Vocalife" or "Plaintiff") and Defendant Google LLC ("Google" or "Defendant") submit the following joint status report regarding venue discovery in compliance with the Court's November 19, 2021 Order Regarding Venue Related Discovery (Dkt. 71).

**Plaintiff's Position:**

On November 30, 2021, Vocalife served discovery requests, including interrogatories and a discovery letter seeking documents which had not been produced by then, as well as a Rule 30(b)(6) deposition notice. *See* Plaintiff Vocalife LLC's Fourth Set of Interrogatories to Defendant Google LLC (Nos. 18-22), served November 30, 2021; Correspondence from Vincent J. Rubino III to Google, dated November 30, 2021; Plaintiff Vocalife LLC's Rule 30(b)(6) Deposition Notice to Google, served November 30, 2021. In addition, Vocalife served document and deposition subpoenas on the following third parties on December 17, 2021: Communications Test Design, Inc., ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Vocalife served notices of subpoenas to Google regarding these subpoenas on the same date.

In response to Vocalife's discovery requests, Google produced documents bearing production numbers GOOG-VL-00002304-GOOG-VL-00006023. Google also served objections and responses to Vocalife's Interrogatory Nos. 18-22. *See* Defendant Google LLC's Responses and Objections to Plaintiff Vocalife LLC's Fourth Set of Interrogatories (Nos. 18-22).

On January 18, 2022, Vocalife took the deposition of Google's Rule 30(b)(6) designee, ▆▆▆▆▆▆▆.

---

[1] Google has required the redaction of these third parties. However, Vocalife disagrees with the redaction requirements because their partnerships with these third parties have been announced publicly and described on Google's and the third parties' public-facing websites.

On January 14, 2022, the parties met and conferred in advance of Vocalife's motion to compel certain venue discovery items. During this conference, Google agreed to conduct further investigations for discovery related to the following Vocalife requests: (1) agreements regarding property owned, leased, or rented by Google, including agreements related to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (2) agreements with ▮▮▮▮ and other data center providers regarding the provision of Google Cloud services; (3) identification of Google employees in the District; and (4) Google's remote work and COVID-19 work policies. Vocalife agreed to hold its motion to compel pending Google's investigation on 1-4 above.

Subsequently, Google supplemented its document production with: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Google also represented that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

On February 8, 2022, Vocalife and Google reached an agreement on all outstanding issues to avoid a motion to compel. Google has represented that it will supplement its discovery as follows: (1) Google will produce ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; (2) Google will supplement its interrogatory responses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; (3) Google will produce ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; and (4) Google will make a corporate witness available for a short deposition regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Subject to the preparedness of the witness and the amount of discovery produced in advance of

the deposition, Vocalife has agreed to keep the deposition to approximately two hours on the record. Google has agreed to produce the witness for 60 minutes on the record.

On January 27, 2022, third party CTDI produced documents bearing production numbers CTDI0001-CTDI0141. On January 19, 2022, third party ███ produced documents bearing production numbers ███00001-███00088.

Regarding ███ production, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Because ███ is a company based in Plano, Texas, Vocalife requested that Google produce all records for all work or services performed in Plano or EDTX and for all workers based in Plano or EDTX ███ ████████████████. On February 17, 2022, Google represented that there are no additional documents responsive to this request.

Vocalife expects additional third-party discovery from ███ and it expects to take depositions of witnesses for CTDI and ███. For example, under the subpoena to ███ Vocalife has requested all records for all work or services performed in Plano or EDTX and for all workers based in Plano or EDTX ████████████████████, and ███ has refused to produce these materials. Vocalife is considering filing a motion to compel compliance with the subpoena in its efforts to obtain the requested records.

After the conclusion of the second deposition, Vocalife intends to confer with Google regarding a proposed schedule for supplemental briefing and to submit a joint request for leave to supplement briefing on Google's motion to dismiss.

**Defendant's Position:**

On November 19, 2021, the Court entered an order permitting Vocalife to "serve on Google five interrogatories, five requests for production, and a Rule 30(b)(6) deposition notice limited to issues raised in Google's Motion to Dismiss (Case No. 2:21-cv-00124, Dkt. No. 21) and the related briefing." Dkt. No 71. The Court ordered that this "narrowly tailored discovery" be completed by no later than January 18, 2022. *Id.* In the 36 days since the conclusion of the venue discovery period, Vocalife has not filed a motion for any relief.

In its effort to describe meet-and-confer discussions and discovery responses above, Vocalife does not comprehensively summarize several positions taken by Google, which are subject to Google's written objections and responses to Vocalife's discovery requests. Nevertheless, Google agrees with Vocalife that the parties have reached agreement to resolve all outstanding issues regarding venue discovery, and that Vocalife has agreed not to bring a motion to compel.

During the course of preparing this joint report, Vocalife informed Google for the first time that it intends to depose representatives of two third parties after the conclusion of the discovery period, which expired on January 18, 2022. Vocalife has not yet scheduled these depositions. It is Google's position that the third-party subpoenas served by Vocalife are not authorized by this Court's order. Dkt. 71.

The parties have agreed to confer, after Vocalife completes the upcoming supplemental deposition of Google's Rule 30(b)(6) designee, on a proposed timeline for additional briefing on Google's motion to dismiss. Dkt. 71. The parties agree to file an additional joint status notice apprising the Court of any further developments, including the completion of venue discovery and the proposed timeline of any additional briefing.

Dated: February 24, 2022                    Respectfully submitted,

 /s/ *Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
 Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF
VOCALIFE LLC***

*/s/ Zachary M. Briers (with permission)*
Michael E. Jones
Texas Bar No. 10929400
Email: mikejones@potterminton.com
**POTTER MINTON, PC**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 993-0846

OF COUNSEL:
Zachary M. Briers (pro hac vice)
Email: zachary.briers@mto.com
Heather E. Takahashi (pro hac vice)
Email: heather.takahashi@mto.com
Vincent Y. Ling (pro have vice)
Email: vinny.ling@mto.com
Robin S. Gray (pro hac vice)
Email: robin.gray@mto.com
Mica L. Moore (pro hac vice)
Email: mica.moore@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100

***ATTORNEYS FOR DEFENDANT GOOGLE LLC***

[redacted] 

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that all counsel of record have met and conferred in accordance with Local Rule CV-7(h).

/s/ Vincent J. Rubino, III
Vincent J. Rubino, III

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 24, 2022, a true and correct copy of the above and foregoing document has been served on counsel of record via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Vincent J. Rubino, III
Vincent J. Rubino, III