**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VOCALIFE LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> HARMAN INTERNATIONAL INDUSTRIES, INC., <br><br> *Defendant*. | Case No. 2:21-cv-00123-JRG (LEAD CASE) <br><br> JURY TRIAL DEMANDED |
| VOCALIFE LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant*. | Case No. 2:21-cv-00124-JRG <br><br> JURY TRIAL DEMANDED |

**GOOGLE'S MOTION TO CONTINUE THE STAY OF PROCEEDINGS
PENDING RESOLUTION OF INSTITUTED IPR PROCEEDINGS FOR ALL
ASSERTED PATENT CLAIMS AND THE *VOCALIFE I* APPEAL**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND ................................................................................................1

    A. The Related Amazon Litigation ................................................................................1

    B. The Google Case .......................................................................................................2

    C. IPR Proceedings ........................................................................................................3

III. ARGUMENT .........................................................................................................................3

    A. Continuing the Stay Will Simplify and Streamline the Issues for Consideration. ...........................................................................................................5

        1. The resolution of the IPRs will simplify the litigation, and may even eliminate it entirely. ...............................................................................5

        2. The resolution of the *Vocalife I* appeal will simplify and streamline the issues. ..........................................................................................................6

    B. Continuing the Stay Will Not Prejudice Vocalife. ....................................................9

    C. The Status of the Case Weighs in Favor of Continuing the Stay ...........................10

IV. CONCLUSION ....................................................................................................................11

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
   No. 2:15-CV-00011-RSP, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016)................................3

*In re Google Inc.*,
   588 Fed. App'x. 988 (Fed. Cir. 2014).....................................................................................3

*In re Horseshoe Entertainment*,
   337 F.3d 429 (5th Cir. 2003) ................................................................................................11

*Image Processing Techs. LLC v. Samsung Elecs. Co.*,
   No. 2:16-cv-505-JRG, 2017 WL 7051628 (E.D. Tex. Oct. 25, 2017) ....................................4

*Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*,
   No. 6:15-cv-59-JRG, 2016 WL 4394485 (E.D. Tex. May 12, 2016).......................................5

*Key Pharm v. Hercon Labs. Corp.*,
   161 F.3d 709 (Fed. Cir. 1998)..................................................................................................7

*Landis v. North Am. Co.*,
   299 U.S. 248 (1936)..................................................................................................................3

*Lodys, LLC v. Brother Intern. Corp.*,
   No. 2:11-cv-90-JRG, 2013 WL 1338767 (E.D. Tex. Jan. 14, 2013).......................................4

*Miken Composites LLC v. Wilson Sporting Goods Co.*,
   515 F.3d 1331 (Fed. Cir. 2008)................................................................................................7

*NFC Technology v. HTC America Inc.*,
   No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)...............................10

*Nichia Corp. v. Mary Elle Fashions, Inc.*,
   No. 2:16-CV-615-JRG, 2016 WL 9558954 (E.D. Tex. Dec. 22, 2016) ........................3, 4, 6, 9

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
   No. 6:13-cv-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014).....................................10

*Ottah v. Fiat Chrysler*,
   884 F.3d 1135 (Fed. Cir. 2018)................................................................................................7

*Rotatable Techs. LLC v. Fossil, Inc.*,
   No. 2:13-cv-109-JRG, Dkt. 42 (E.D. Tex. Nov. 26, 2013).......................................................4

# TABLE OF AUTHORITIES
## (Continued)

**Page**

*Soverain Software LLC v. Amazon.com, Inc.*,
   356 F. Supp. 2d 660 (E.D. Tex. 2005)................................................................................4

*Uniloc USA, Inc. v. Avaya Inc.*,
   No. 6:15-cv-001168-JRG, 2017 WL 2882725 (E.D. Tex. Apr. 19, 2017)...........................4, 5

*VirtualAgility v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)........................................................................................5, 10

*Vocalife LLC v. Amazon.com, Inc.*,
   No. 2:19-cv-00123-JRG (E.D. Tex.) .............................................................................. passim

*Vocalife v. Amazon.com, Inc.*,
   No. 2:20-cv-00401-JRG, Dkt. 36 (E.D. Tex. June 15, 2021) ......................................... passim

*Vocalife v. Harman International Indus. Inc.*,
   No. 2:21-cv-00123, Dkt. 71 ("November 19 Order")................................................................2

**FEDERAL STATUTES**

35 U.S.C. § 315................................................................................................................................5

35 U.S.C. § 252................................................................................................................................8

I. **INTRODUCTION**

Google respectfully requests that the Court continue the present stay in this case pending the outcome of the IPR proceedings recently instituted against all of the claims of the asserted patents, as well as the Federal Circuit appeal of the judgment in *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123-JRG (E.D. Tex.) ("*Vocalife I*").

This case has been stayed since November 2021 to permit Vocalife to take venue-related discovery. *See* Dkt. 71. The Patent Trial and Appeal Board ("PTAB") recently instituted *inter partes* reexamination of all of the claims of both asserted patents. *See* IPR2021-0331; IPR 2022-00004; and IPR2022-00005. A continuance of the stay is appropriate to permit the instituted proceedings at the PTAB and Federal Circuit to conclude, thereby preventing unnecessary and duplicative litigation in this case. Because the PTAB will address the validity of every asserted claim, a stay pending the completion of those proceedings will conserve judicial resources. In addition, Amazon's appeal in *Vocalife I* presents claim construction and damages issues that substantially overlap with key issues affecting both patents in this case. A continuance until the IPRs and the *Vocalife I* appeal are resolved will simplify the case and prevent the Court and the parties from spending resources on matters that the PTAB and Federal Circuit will soon decide.

II. **FACTUAL BACKGROUND**

    A. **The Related Amazon Litigation**

Vocalife has filed a series of cases alleging infringement of Patent Nos. RE47,049 and RE48,371. Both of the '049 and '371 patents are reissues of the same predecessor patent, and their claims are nearly identical.

In April 2019, Vocalife sued Amazon, alleging infringement of the '049 patent. *Vocalife I*, Dkt. 1. The case proceeded to trial, and the Court entered judgment in Vocalife's favor in November 2020. *Vocalife I*, Dkt. 343. One month later, while post-trial motions were pending,

Vocalife filed a second lawsuit against Amazon, alleging infringement of the '371 patent, as well as infringement of the '049 patent with respect to Amazon products released after the verdict in *Vocalife I*. *See Vocalife v. Amazon.com, Inc.*, No. 2:20-cv-00401-JRG, Dkt. 36 (E.D. Tex. June 15, 2021) ("*Vocalife II*"). Amazon appealed the *Vocalife I* judgment, raising claim construction issues in addition to other arguments. *Vocalife I*, Dkt. 372. Vocalife filed a cross-appeal, contending that the district court erred in finding the doctrine of absolute intervening rights precluded Vocalife from seeking damages for pre-reissue infringement and requesting a new trial on damages. *Id.* at Dkt. 374.

Amazon moved to stay the district court litigation in *Vocalife II* pending the Federal Circuit's resolution of *Vocalife I*. *See Vocalife II*, Dkt. 31 at 16. Vocalife opposed the stay. On November 22, 2021, Judge Payne granted Amazon's motion and stayed the case. *See* Ex. G (*Vocalife II* Order Granting Stay). The parties have completed briefing for the appeal and cross-appeal, and oral argument likely will be scheduled for a date within the next six months.

**B.     The Google Case**

While the *Vocalife I* and *II* cases were pending, Vocalife continued its staggered enforcement campaign by filing this case against Google, asserting the same '049 and '371 patents. Google filed a Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer, and subsequently moved to stay the case pending resolution of its motion. *See* Dkt. 56. On November 19, 2021, the Court entered a stay to "allow Vocalife to pursue discovery related to venue before other issues, such as the Markman hearing, are considered by this Court." *Vocalife v. Harman International Indus. Inc.*, No. 2:21-cv-00123, Dkt. 71 ("November 19 Order") at 3.

At the time the stay was entered in this case, the parties had not conducted significant discovery.  In fact, the majority of the discovery conducted in this case thus far is venue-related discovery, including one deposition.  Aside from that, neither party has taken any depositions;

2

the parties have served limited discovery requests and responses; the parties have not served any expert disclosures or filed substantive motions; and the Court has not held a *Markman* hearing or construed the claim terms. The venue-related stay remains in effect with no specific end date, and a revised Docket Control Order has not been entered for this action.

### C.   IPR Proceedings

Google and Amazon both filed IPR petitions challenging the validity of the asserted patents. On January 31, 2022, the PTAB instituted proceedings on Amazon's IPR challenging all claims of the '371 patent, and on April 15, 2022, the PTAB instituted proceedings on both of Google's IPRs challenging all claims of the '049 and '371 patents. Ex. I (PTAB's Institution Decision in IPR2021-0331) at 2–3; Ex. J (PTAB's Institution Decision in IPR 2022-00004) at 32; Ex. K (PTAB's Institution Decision in IPR2022-00005) at 2. As a result, all of the claims of the asserted patents are now subject to instituted IPRs. Final written decisions are anticipated from the PTAB in Amazon's IPR in January 2023 and in Google's IPRs in April 2023.

## III.   ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "Stays are favored in the interest of conserving judicial and party resources, and avoiding duplicitous litigation." *Nichia Corp. v. Mary Elle Fashions, Inc.*, No. 2:16-CV-615-JRG, 2016 WL 9558954, at *1 (E.D. Tex. Dec. 22, 2016) (citing *In re Google Inc.*, 588 Fed. App'x. 988, 990 (Fed. Cir. 2014)).

A stay is particularly justified when the outcome of a parallel proceeding "is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016). This Court regularly stays proceedings where the

PTAB institutes IPRs on claims that the patentee has asserted in district court litigation. *See, e.g.*, *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-001168-JRG, 2017 WL 2882725, at *3 (E.D. Tex. Apr. 19, 2017); *Image Processing Techs. LLC v. Samsung Elecs. Co.*, No. 2:16-cv-505-JRG, 2017 WL 7051628, at *2 (E.D. Tex. Oct. 25, 2017). For similar reasons, this Court has also previously stayed proceedings pending appeal of a separate action, recognizing that a Federal Circuit decision altering a prior claim construction opinion or reversing a ruling may moot issues in pending district court litigation. *Nichia*, 2016 WL 9558954, at *1; *see also Rotatable Techs. LLC v. Fossil, Inc.*, No. 2:13-cv-109-JRG, Dkt. 42 at 2 (E.D. Tex. Nov. 26, 2013) (attached as Ex. A[1]) ("This Court sees the wisdom in conserving its resources while key issues in this case await dispositive treatment from the Federal Circuit.").

The Court considers three factors in determining whether to stay litigation: "whether a stay will simplify the issues in question and trial of the case," "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party," and "whether discovery is complete and whether a trial date has been set." *Lodys, LLC v. Brother Intern. Corp.*, No. 2:11-cv-90-JRG, 2013 WL 1338767, at *10 (E.D. Tex. Jan. 14, 2013) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)); Dkt. 71 (applying the *Soverain* factors); Ex. G (*Vocalife II* Order Granting Stay). Here, each factor weighs in favor of a continuance of the stay until the IPRs and the *Vocalife I* appeal are resolved.

---

[1] Unless otherwise noted, exhibits cited herein are attached to the Declaration of Mica L. Moore, submitted herewith.

### A. Continuing the Stay Will Simplify and Streamline the Issues for Consideration.

#### 1. The resolution of the IPRs will simplify the litigation, and may even eliminate it entirely.

In this Court's view, "the prospect that [an] *inter partes* review proceeding will result in simplification of the issues before the Court" is the "most important factor bearing on whether to grant a stay." *See Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:15-cv-59-JRG, 2016 WL 4394485, at *3 (E.D. Tex. May 12, 2016) (granting a stay where nine out of ten asserted claims were subject to PTAB review). Where the PTAB institutes review on *all* claims asserted against a defendant, "the 'simplification' factor weighs strongly in favor of granting a stay." *See Uniloc*, 2017 WL 2882725, at *3.

Here, all of the claims of the patents that Vocalife asserts in this case are the subject of at least one (and in the case of the '371 patent claims, two) instituted IPR. The IPRs therefore have the potential to be entirely case dispositive, which would provide the "ultimate simplification of issues." *VirtualAgility v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014).

At minimum, the PTAB's institution of IPRs on all of the asserted claims in this case suggests that there is a reasonable likelihood that "some portion of the litigation will fall away" as a result of the IPRs. *See* 35 U.S.C. § 315(a) ("The Director may not authorize an inter partes review to be instituted unless … there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."). Even in the unlikely event that the PTAB were unexpectedly to confirm all of the asserted claims, a stay will simplify the case by reducing the claim construction and invalidity issues that must be addressed in this litigation. *See* § 315(e)(1) (stating that a final written decision in an IPR estops the petitioner from asserting in a district court action "any ground that the petitioner raised or reasonably could have raised during that [IPR]"). The simplification factor thus weighs strongly in favor of a stay.

5

### 2. The resolution of the *Vocalife I* appeal will simplify and streamline the issues.

The issues in the *Vocalife I* appeal substantially overlap with key issues disputed in the present case, including claim construction and damages. The Federal Circuit's controlling resolution of those questions will simplify issues in this case with respect to both the '049 patent and the '371 patent, further counseling in favor of a stay. *See, e.g.*, *Nichia*, 2016 WL 9558954, at *2 ("[A] stay has the potential to simplify issues before this Court," where "[t]he Federal Circuit will address three critical issues on appeal," including issues related to claim construction.).

To start, Google has raised in this case the very same claim construction questions that Amazon asked the Federal Circuit to address in the *Vocalife I* appeal. Claim 1 of the '049 patent recites a method for enhancing a target sound signal received by a microphone array, that method comprising in relevant part "receiving sound signals from a plurality of disparate sound sources" (such as ambient noise), where "said received sound signals comprise said target sound signal," and "determining a delay each of said sound sensors and an origin" of the array based on the "azimuth angle" of "said target sound signal." All of the claims in Vocalife's patents recite similar steps. Google has asserted that the plain language of the claims, read in the context of the specification and prosecution history, requires the receipt of the target sound signal before any determination of the delay in the receipt of the signal at different microphones in the array can be made. *See* Dkt. 70-3 (Google's Proposed Claim Constructions) at term 1 ("azimuth angle…") and term 7 (order of steps); Ex. B (Declaration of Dr. Chris Kyriakakis Regarding Claim Construction) at Sections VI.A and VI.B. Vocalife disputes this construction. *See, e.g.*, Ex. C (Vocalife's 12/8/2021 Cross-Appeal Brief) at 37–46; Ex. D (Vocalife's Opening Claim Construction Brief in *Vocalife II*) Dkt. 58 at 14–17.

This exact question—which affects *all* of the asserted claims of the '049 and '371 patents[2]—is pending before the Federal Circuit. Specifically, Amazon contends on appeal that the Court erred in "reject[ing] Amazon's construction specifying that the step of 'receiving' sound signals including the target sound signal must occur *before* the step of 'determining' a delay based on the received target sound signal." Ex. E (Corrected Brief of Defendants-Appellants) at 3–4, 29–36. The Federal Circuit's resolution of this question—whether for or against Amazon—will likely simplify claim construction proceedings and subsequent expert discovery and dispositive motions in this case. *See, e.g.*, *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1140 (Fed. Cir. 2018) (giving stare decisis effect to claim construction decision in prior appeal); *Key Pharm v. Hercon Labs. Corp.*, 161 F.3d 709, 716 (Fed. Cir. 1998) (recognizing "the national stare decisis effect that [the Federal Circuit's] decisions on claim construction have"); *Miken Composites LLC v. Wilson Sporting Goods Co.*, 515 F.3d 1331, 1338 n.\* (Fed. Cir. 2008) (same).

Amazon also has appealed this Court's application of certain key claim terms in its decision denying Amazon's motion for judgment of non-infringement as a matter of law. Specifically, among other issues, Amazon disputes the Court's application of claim limitations concerning (1) "determining a delay" based in part on "an azimuth angle between said reference axis and said target sound signal," Ex. E (Corrected Brief of Defendants-Appellants) at 38; (2) representing the delay "in terms of number of samples," *id.* at 44; (3) and "estimating a spatial location of said target sound signal" using a "sound source localization unit," *id.* at 53. The interpretation of these three claim terms also is actively disputed by the parties in this case.

---

[2] The parties agree that this claim construction question implicates all of the claims of the '049 and '371 patents. *See* Dkt. 70-2 (Vocalife's Proposed Claim Construction) at 4 (stating that the "order of steps" issue affects "All Claims" of both patents); *see also Vocalife II*, Dkt. 49-2 (Vocalife's Proposed Claim Constructions) at 3 (listing all of the independent claims of the '049 and '371 patents as relevant to the "order of steps" issue).

7

*See* Dkt. 70-3 (Google's Proposed Claim Constructions) (terms 1, 2, 5, 7, and 8). The Federal Circuit's resolution of the parties' contentions related to these claim terms therefore will likely help to streamline the issues for the Court and the jury in this case.[3]

Indeed, in *Vocalife II*, where Amazon has raised the same claim construction issues pending here, following the *Markman* hearing but prior to issuing its claim construction decision, the Court prudently chose to stay the case, observing "the outcome of the appeal will greatly, if not completely, simplify or resolve the issues pending before the Court in the instant case." Ex. G (*Vocalife II* Order Granting Stay); *see also* Ex. H (*Vocalife II* Markman Hearing Tr.) at 11-12, 16, 20 (discussing overlap with appeal). The same reasoning counsels in favor of a stay here.

Vocalife's cross-appeal only further confirms that litigation on the merits prior to the Federal Circuit's decision in *Vocalife I* would be wasteful. Vocalife contests the Court's ruling that the doctrine of absolute intervening rights precludes recovery of pre-reissue damages for alleged infringement of the '049 patent's method claims, and Vocalife requests a new trial on damages. *See* Ex. C (Vocalife's 12/8/2021 Cross-Appeal Brief) at 51–52, 69–70. The Court's underlying ruling turned on a question of statutory interpretation regarding the scope of section 35 U.S.C. § 252 of the Patent Act, on which courts have split. *See Vocalife I*, Dkt. 252 at 7

---

[3] To cite just one concrete example of how the infringement issues before the Federal Circuit might affect this case, Amazon has challenged the sufficiency of Vocalife's evidence for the claim limitation "wherein said delay is represented in terms of number of samples," on the ground that Vocalife presented evidence that Amazon's devices perform calculations in the frequency domain but failed to show that they actually represent any delay in terms of number or quantity of samples. *See* Ex. E (Corrected Brief of Defendants-Appellants) at 44–45. Similarly, in this case Vocalife has alleged that Google's devices use "a 'time-frequency' representation," but it has failed to cite any evidence showing that Google's devices represent any delay as a number measuring a quantity of samples. *See* Ex. F (Vocalife's Infringement Contentions, '049 Claim Chart) at 33–34. In its proposed claim constructions, Google is seeking clarity on the scope of this claim term. *See* Dkt. 70-3 (Google's Proposed Claim Constructions) at C-3 (setting forth disputed claim term "said delay is represented in terms of number of samples"). The Federal Circuit's decision likely will answer this claim construction question.

(observing that "[t]he issue of whether absolute intervening rights apply to the method claims has not yet been decided by the Federal Circuit and is the subject of a split among specific district courts"). Google also contends that Vocalife is not entitled to pre-reissue damages for any asserted method claims. Therefore, absent a stay, this same issue will likely be disputed in the present case.

The costs of unnecessary litigation on these issues are significant. Oral argument in *Vocalife I* will likely be scheduled in the next six months, and a decision is likely to be issued three or four months after argument. Without a stay, there is a real risk that, if litigation in this case resumes, the parties and the Court will be required to spend resources on activities that may be rendered moot by the Federal Circuit, including claim construction, expert discovery, and dispositive motions. Such waste may be avoided by continuing to stay further proceedings on the merits until the Federal Circuit issues a decision in *Vocalife I*.

### B. Continuing the Stay Will Not Prejudice Vocalife.

While failing to stay the case risks the significant waste of judicial resources, a continuance of the stay pending resolution of the IPRs and the *Vocalife I* appeal will not prejudice or impose any tactical disadvantage on Vocalife. It benefits neither party to proceed to the merits while Vocalife's asserted claims are subject to IPR, or while an appeal remains pending that will dispose of critical issues—including issues on which Vocalife itself seeks to prevail in its cross-appeal. Indeed, as this Court held in *Nichia*, a stay is likely to *benefit*, not harm, Vocalife, because, "much like the Court and Defendant[]," Vocalife's "resources will be preserved and it will avoid the potential likelihood of relitigating substantive issues and unnecessary discovery." *Nichia,* 2016 WL 9558954, at *2.

Nor will further delay impair Vocalife's ability to secure effective relief in this case should it ultimately prevail. As an initial matter, as set forth in more detail in Google's briefing

in opposition to Vocalife's pending Motion for Leave to Serve Subpoenas (*see* Dkt. 77 and 81), Vocalife has not been diligent in pursuing the venue discovery permitted by the Court or in seeking to move this case forward. In addition, Vocalife cannot credibly claim prejudice or disadvantage arising from a stay. Vocalife seeks only monetary damages for the alleged infringement, and a continuance of the current stay "will not diminish the monetary damages to which [Vocalife] will be entitled if it succeeds in its infringement suit" but will "only delay[] realization of those damages[.]" *VirtualAgility Inc*, 759 F.3d at 1318. Under these circumstances, Vocalife's desire to avoid delay in the vindication of its patent rights—an interest "present in every case in which a patentee resists a stay"—cannot alone defeat this motion. *NFC Technology v. HTC America Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

### C.  The Status of the Case Weighs in Favor of Continuing the Stay.

Finally, the relatively early stage of this case also weighs in favor of a continuance. Stay relief is appropriate when "there remains a significant amount of work ahead for the parties and the court," although "[a] case need not be in its infancy to warrant a stay." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014). The case has been stayed nearly six months for venue discovery, and the parties have not yet begun substantial work on the merits. As this Court observed in its November 19 Order, the parties have not yet submitted claim construction briefs, and the date set for the *Markman* hearing was about two months away at the time the Court took the hearing off calendar. *See* Dkt. 71 at 3 n.3. At this time there is no active trial date or scheduling order; Vocalife has not yet noticed any depositions (aside from venue depositions); and the pleadings have not yet closed. Because "a significant amount of work" remains for the Court and for the parties, a stay is appropriate. *Norman*, 2014 WL 5035718, at *3.

The Court may exercise its inherent power to stay this case in its entirety pending the resolution of the IPRs and the *Vocalife I* appeal. In the alternative, the Court may decide the pending Motion to Dismiss, which raises venue-related issues on which the *Vocalife I* appeal will have no bearing, while maintaining the stay of all other deadlines pending the appeal, consistent with Fifth Circuit authority holding that venue determinations are a threshold issue that must take "top priority" in a district court's handling of a case. *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003).

## IV. CONCLUSION

Because all relevant factors favor relief, Google requests a continuance of the Court's stay pending conclusion of the IPR proceedings (IPR2021-01331, IPR2022-00004, and IPR2022-00005) and any rehearings or appeals of the PTAB's Final Written Decisions in the IPRs and the conclusion of the *Vocalife I* appeal.

Dated: May 10, 2022

Respectfully submitted,

*/s/ Zachary M. Briers with permission,*
*by Michael E. Jones*

Michael E. Jones
Texas Bar No. 10929400
POTTER MINTON, PC
110 North College, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 993-0846
mikejones@potterminton.com

OF COUNSEL:

Zachary M. Briers (*pro hac vice*)
Heather E. Takahashi (*pro hac vice*)
L. Ashley Aull (*pro hac vice*)
Mica L. Moore (*pro hac vice*)
Abraham Rejwan Oved (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP

350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
zachary.briers@mto.com
heather.takahashi@mto.com
ashley.aull@mto.com
mica.moore@mto.com
avi.oved@mto.com

**ATTORNEYS FOR DEFENDANT GOOGLE LLC**

## CERTIFICATE OF CONFERENCE

On April 27, 2022 pursuant to Local Rule CV-7(h), counsel for Defendant met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated that Plaintiff is opposed to the relief sought by this Motion.

Dated: May 10, 2022

*/s/ Zachary M. Briers*
By: Zachary M. Briers